PER CURIAM.
The question to be determined in this case is whether or not an automobile, of the type Hudson 1911, is specifically exempt from execution in favor of the defendant in error who was a married man at the head of a family and claimed he was not the owner of a homestead.
The judgment -was rendered against the defendant in error *100 in the sum of $13.4.68, and at the time the judgment was rendered he and his wife were living in a home consisting of a house and lot in the city of St. Bernard, which was encumbered by mortgages for more than its value-. After the judgment was rendered and after the execution was levied upon the automobile in question, the defendant and his wife conveyed to one of the mortgagees the real estate in which they lived. Defendant thereupon claimed that the automobile was specifically exempt from execution under Subd. 5, Sec. 11725 G. C. His calling was that of an electrician, and in an affidavit filed in the trial court, claiming the automobile as exempt from levy and execution, he set out that the automobile was necessary to enable him to carry on his trade or occupation, and that the value of the machine was not more than one hundred dollars.
Subdivision 5, Sec. 11725 G. C., provides that—
“Every person who has a family,” etc., may hold * *- *
“5. ' One sewing machine, one knitting machine, and the tools and implements of the debtor necessary for carrying on his or her trade or business, whether mechanical or agricultural, to be selected by him or her, not exceeding one hundred dollars in value. ’ ’
It is the claim of defendant in error that this automobile is an implement necessary for carrying on his trade or business.
We do not think that an automobile used as this one was, to carry about the defendant, his tools and supplies and at times to transport himself and members of his family comes within the contemplation of the statute as an implement, and therefore it is not exempt from levy and execution under Sec. 11725.
Under Sec. 11726 G. C., a person who is the head of a family and is engaged in agriculture, may hold exempt from execution:
‘ ‘ One horse, or one yoke of cattle with the necessary gearing therefor, and one wagon.”
- But the defendant in this case, is not a farmer, and these •sections relating to exemptions must be strictly construed.
.He can not claim this automobile is exempt in lieu of a homestead under Sec. .11738 G. C., because at the time that the judgment was rendered and the levy made on the automobile he and his wife were the owners of a homestead and living therein, *101 although the same was encumbered by mortgages for more than its value. The stains of the parties and their right to claim the property in lieu of a homestead are to be determined at the time of the judgment and levy. Nixon v. Vandyke, 1 Circ. Dec. 364 (2 R. 63). The defendant and his wife having conveyed their homestead after the levy was made on the automobile, they can not claim under this decision to hold it in lieu of a homestead, because the right to claim the property was fixed as of the date of the levy, at which time they did own a homestead.
For the reasons stated we conclude that the judgment of the common pleas court should be reversed.